http://www.va.gov/vetapp16/Files4/1630489.txt

Citation Nr: 1630489 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-19 723 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, anxiety, and a sleep disorder.

REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs

WITNESSES AT HEARING ON APPEAL

The Veteran and R.H.

ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1972 to January 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The Veteran testified at a hearing conducted by the undersigned in February 2014. A transcript of the hearing has been associated with the claims file. In March 2015, the case was remanded for further development.

FINDING OF FACT

On July 18, 2016, VA was notified by the Veteran's representative that the Veteran died on July [redacted], 2016.

CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015). 

ORDER

The appeal is dismissed.

 
J. B. FREEMAN
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs